527 A.2d 1045

**Irwin R. AUMAN, Appellant,**

v.

**Roger E. GRIMES, Jr. and Valerie S. Grimes,
his wife, Appellees.**

Superior Court of Pennsylvania.

Argued April 1, 1987.

Filed June 23, 1987.

244

John D. Enck, Lebanon, for appellant.

Christopher J. Coyle, Lebanon, for appellees.

Before WIEAND, BECK and CERCONE, JJ.

WIEAND, Judge:

In this equitable action to enforce rights of way over undedicated lanes adjoining a tract of farmland, the trial court entered judgment on the pleadings in favor of the defendants. Because the record discloses the existence of private easements, as asserted by the plaintiff-appellant, we reverse.

R. Hart Beaver and Joan Beaver, husband and wife, were the owners of a tract of land in the Borough of Cornwall, Lebanon County, which contained approximately 145 acres. Irwin R. Auman, the appellant herein, owned an adjoining tract of land on which was located a residence and barn. Auman leased the Beaver tract on a year-to-year basis and farmed the same. The Beaver tract was divided by two lanes. The one, known as Tice Lane, lay in a north-south direction. The other, which the trial court referred to as South Lane, ran in an east-west direction. Auman used both lanes in farming the land.

By agreement dated May 5, 1975, Auman agreed to buy and the Beavers agreed to sell a parcel of 23 acres from the larger tract. The agreement provided that Auman should have a right of way over Tice Lane as follows:

Until such time as Grantors dedicate the unimproved lane (to the East) to the Borough of Conrwall [sic] as a public road and same is accepted, Grantor hereby grants to Grantee, their heirs and assigns a right-to-way over said lane and Grantors property which borders said lane on the East for ingress and egress to Grantees' present farm proparty [sic].

By deed dated October 6, 1975, the Beavers conveyed to Auman a tract of farmland which, by actual survey, contained 21.71 acres. The deed did not contain an express grant of an easement over Tice Lane. It also did not contain an express easement over South Lane. However, the tract carved from the larger Beaver lands was described in the deed as being bounded on the south by a fifty feet wide lane, which provided access to Highway Route 72, and on the east by Tice Lane, which provided access to Township Road T–428. Following this conveyance, Auman continued to farm the balance of the Beaver tract. By deed dated March 1, 1984, the remaining Beaver tract, including the beds of Tice Lane and South Lane, was conveyed to Roger E. Grimes, Jr. and Valerie S. Grimes, husband and wife, who, on August 14, 1985, recorded a proposed subdivision plan for the tract. Auman continued to farm the Beaver land until December 31, 1985.

Thereafter, Auman commenced an action in equity to prevent the proposed development from eliminating Tice Lane and South Lane and preventing his use thereof. He alleged in his complaint that he had acquired easements by implication over the two lanes. The Grimes filed an answer containing averments that easements in favor of Auman had not been intended and alleging further that any easement which might otherwise have arisen by implication was extinguished by Auman's continuing lease of the entire Beaver tract. Both parties filed motions for judgment on the pleadings. The trial court entered judgment on the pleadings finding that the Grimes' title was free and clear of any easement. The court concluded (1) that an easement by implication had been rebutted by the farm lease which

permitted Auman to use the lanes adjacent to his land and (2) that any right of way by implication was intended to continue only so long as Auman continued to farm the entire Beaver tract. Auman appealed.

■ The trial court relied upon the general law of implied easements that "[w]here an easement or other right is not expressed and is sought to be implied as attached to the grant of the fee, the same must clearly appear from the intention of the parties as shown by the terms of the grant, the surroundings of the property and the other res gestae of the transaction." *Taylor v. Gross*, 195 Pa.Super. 225, 232, 171 A.2d 613, 617 (1961). In the instant case, however, the issue does not involve an application of the general rule alone. Here we are concerned with a specific application of the rule which holds that " 'where descriptions in a deed refer to a driveway as a boundary, which is not a highway or dedicated to public use, the grantee does not take title in fee to the center of it but by implication acquires an easement or right of way over the lands.' " *McAndrews v. Spencer*, 447 Pa. 268, 270–271, 290 A.2d 258, 259 (1972), quoting *Taylor v. Gross, supra* 195 Pa.Super. at 231, 171 A.2d at 617. In such cases, the easement is created by implication by application of this specific rule. It is from the specific rule that the intent of the parties is inferred. *McAndrews v. Spencer, supra; Jones v. Sedwick*, 383 Pa. 120, 117 A.2d 709 (1955). See also: *Beechwood v. Reed*, 438 Pa. 178, 181, 265 A.2d 624, 626 (1970); *Cannon Bros., Inc. v. D'Agostino*, 356 Pa.Super. 286, 291–92, 514 A.2d 614, 617 (1986); *Hoover v. Frickanisce*, 169 Pa.Super. 443, 446, 82 A.2d 570, 572 (1951). Thus in the instant case, it is clear that Auman acquired an easement by implication over the two private lanes which Beaver, the common grantor, referred to as boundaries of the tract conveyed to Auman. That this was the intent of the parties, at least with respect to Tice Lane, is confirmed by the terms of their agreement of sale.

■ The application of the rule creating an easement by implication was not altered, nor was the implied easement

extinguished, by virtue of the fact that Auman continued to lease the balance of the farmland retained by the common grantor. The easement by implication came into existence when Beaver conveyed the 21 acre tract to Auman. It was not thereafter extinguished merely because Auman continued to lease other Beaver lands on a year-to-year basis. The easement which arose by implication on October 6, 1975 could not be extinguished by Auman's subsequent use of his grantor's remaining land.

■ It is correct, as the trial court recognized, that an easement is, by definition, an interest in land which is in the possession of another person. Restatement, Property § 450. "One may have, however, an easement in land of which he is presently in possession when the use authorized by the easement is to occur after that possession ceases. Though, as to his own possessory interest, one may not have an easement in land in his own possession, he may, while in possession, have, as to possessory interests subsequent to his own, a right of future use properly designated as an easement." Restatement, Property § 450, comment d. This is illustrated by the Restatement of Property as follows:

A, as the possessor of Blackacre, has an easement in Whiteacre, adjacent land in the possession of B. A leases Whiteacre from B for a period of ten years. As to his own ten-year possessory interest in Whiteacre, A's easement no longer exists. However, as against possessory interests subsequent to his own, he still has an easement.

Although an easement may be deemed suspended in cases where the owner of the dominant tenement acquires possession of the servient tenement by lease, the lease does not cause the easement to be extinguished. An easement will be extinguished by merger only where there is unity of title as well as unity of possession. See: *Schwoyer v. Smith,* 388 Pa. 637, 641, 131 A.2d 385, 387 (1957); 12A P.L.E. *Easements* § 53.

In the instant case, the law is clear that appellant acquired an easement of passage over the lanes which formed

the designated boundaries of the tract conveyed to him by Beaver. That right of way was not thereafter extinguished by merger, for appellant, the owner of the dominant tenement, did not acquire both title and possession of the servient tenement. The fact that he obtained possession of the servient tenement by lease from the owner did not extinguish his future rights in the easements.

Reversed and remanded for the entry of a decree which, consistently with the foregoing opinion, enjoins interference with the easements owned by appellant.