610 A.2d 48

**Darrel KING and Hazel King, his wife, Appellant,**

**v.**

**Dorothy ROCK and Russell Brady, Appellee.**

Superior Court of Pennsylvania.

Argued Jan. 15, 1992.

Filed June 8, 1992.

Reargument Denied Aug. 12, 1992.

Simon B. John, Uniontown, for appellant.

Maria S. Altobelli, Uniontown, for appellee.

Before CAVANAUGH, WIEAND and HESTER, JJ.

CAVANAUGH, Judge:

This appeal is from an order finding that appellees, Dorothy Rock and Russell Brady, hold an easement by implication over the entire width and length of an undedicated roadway. Appellant, Hazel King [1], argues that the evidence does not establish an easement by implication. King maintains that there was no showing the existence of a boundary road between her property and that of appellees.

The facts found by the lower court, and supported by the record, are as follows:

1. Plaintiffs, Darrel King and Hazel King, are husband and wife and reside on, and own 1.802 acres of land in Georges Township, Fayette County.

2. Defendant, Dorothy Rock, owns 6.9 acres of land in Georges Township, which adjoins plaintiffs' property to the southeast.

3. Defendant, Russell Brady, owns 27.775 acres of land in Georges Township, which adjoins plaintiffs' property to the northwest.

4. Plaintiffs received their property by deed dated June 6, 1976, from E.L. Morgan.

5. Defendant Brady received his property by deed dated May 14, 1976, from E.L. Morgan.

6. Defendant Rock acquired title to her parcel of land by deed dated October 18, 1967, from Joseph Farr.

7. Defendant Brady's and plaintiffs' property was incorporated in the deed of E.L. Morgan.

8. E.L. Morgan had acquired title to the property which was eventually conveyed to defendants and plaintiffs by deed dated May 21, 1947, from Ernest G. Means and Alice Means, his wife.

9. The Means' deed refers to a road as a boundary between the two (2) tracts of land now owned by the plaintiffs and defendants.

---

1. In her brief, appellant Hazel King states that her husband, Darrel King, has passed away. There being no substitution of record, we shall refer to Hazel King as appellant.

10. Defendant Rock's deed makes reference to a public road as a boundary.

11. The road referred to in the Means' deed can be found on a Georges Township road map as Township Road 504, which connects State Route 26083 with Township Road 345.

12. Township Road 504 has never been dedicated or opened by the township.

Lower Court Opinion, October 15, 1990 at 1–2.

Appellant sought an injunction to bar the use of the land in question by appellees. After a trial in equity, the court found that there existed an easement in the use of the land.

The scope of review in equity action is as follows:

The trial judge, sitting in equity as a chancellor, is the ultimate fact-finder. The scope of review, therefore, is limited. The final decree will not be disturbed unless the chancellor committed an error of law or abused his or her discretion. The findings of fact made by the trial court will not be disturbed unless they are unsupported by competent evidence or are demonstrably capricious.

*Roberson v. Davis,* 397 Pa.Super. 292, 295, 580 A.2d 39, 40 (1990) (citations omitted).

■ An injunction will issue where the party seeking to stop an invasion of his real property has a clear right to the property in question. *Williams v. Bridy,* 391 Pa. 1, 136 A.2d 832 (1957).

■ The existence of an easement by implication can be found, " 'where the intent of the parties is clearly demonstrated by the terms of the grant, the surroundings of the property and other res gestae of the transaction.' *See Hann v. Saylor,* 386 Pa.Super. 248, 251–52, 562 A.2d 891, 893 (1989); *Buffington v. Buffington,* 390 Pa.Super. 61, 568 A.2d 194 (1989); *Tomlinson v. Jones,* 384 Pa.Super. 176, 557 A.2d 1103 (1989)." *Mann–Hoff v. Boyer,* 413 Pa.Super. 1, 604 A.2d 703, 707 (Pa.Super.1992).

Where a deed makes reference to a road or driveway as a boundary, the following specific rule applies:

Here we are concerned with a specific application of the rule which holds that "where descriptions in a deed refer to a driveway as a boundary, which is not a highway or dedicated to public use, the grantee does not take title in fee to the center of it but by implication acquires an easement or right of way over the lands." *McAndrews v. Spencer*, 447 Pa. 268, 270–271, 290 A.2d 258, 259 (1972), quoting *Taylor v. Gross*, supra, 195 Pa.Super. [225] at 231, 171 A.2d [613] at 617 [(1961)]. In such cases, the easement is created by implication by application of this specific rule. It is from the specific rule that the intent of the parties is inferred. [Citations omitted.]

*Auman v. Grimes*, 364 Pa.Super. 243, 246, 527 A.2d 1045, 1046–1047 (1987).

Appellant contends that the lower court erred in finding that a road existed as a boundary between the properties. She points to perceived vagueness in the relevant deeds regarding the location of the road or roads referred to in support of the conclusion that a boundary road exists. We find this argument without merit in light of the record created. The lower court had sufficient evidence to conclude that the portion of land cleared by appellees was the road indicated in the parties' deeds and their predecessor deeds. That evidence included the Georges Township road map, the photographs, the descriptions in the deeds, the testimony of appellee Brady and the site visit. On the basis of the evidence before the lower court, it did not err in finding that a road existed.

Next, appellant argues that the elements of an easement by implication were not shown because the language of the deeds does not create a public road and that any easement in a road, which at one time may have existed, has become impassable and abandoned.

Appellant places undue emphasis on the issue of whether the road was dedicated for public use or not. The correct articulation of the law, as stated in *Auman, supra,* is that where a non-public roadway is referred to as a

boundary, the easement exists over the entire length and width of the roadway. The lower court had the opportunity to view the site and to examine the dimensions of the road. Although it was no longer maintained by the township supervisors as a public road, the court determined that the existence of the easement was not terminated by the township's discontinuance of maintenance. We find no legal error in this conclusion, particularly where the township witness testified that it was only after the instant dispute between the parties arose that all maintenance of the road ceased.

Finally, appellant argues that an injunction should issue because she has a clear right to the property and will suffer legal harm if denied sole use of it. On the basis of the foregoing discussion of the existence of the easement, we find this issue without merit. As discussed above, the evidence showed that appellees had an easement in the use of the boundary road and that they were entitled to take action to remove the physical impediments to the enjoyment of the easement.

Judgment affirmed.