Frank A. ZEGLIN, Jr. and Tammy
Lee Zeglin, Appellees,

v.

Sean E. GAHAGEN and Kimberlee
H. Gahagen, Appellants.

Superior Court of Pennsylvania.

Submitted March 12, 2001.

Filed April 30, 2001.

William E. Seger, Somerset, for appellants.

James R. Cascio, Somerset, for Frank Zeglin, appellee.

Scott P. Bittner, Somerset, for Tammy Lee Zeglin, appellee.

Before JOHNSON, STEVENS, and POPOVICH, JJ.

JOHNSON, J.:

¶ 1 Sean E. Gahagen and Kimberlee H. Gahagen appeal from the final decree that established a disputed boundary line between two parcels of real estate, one owned by the Gahagens and the other by the Plaintiffs, Frank A. Zeglin, Jr. and Tammy Lee Zeglin. The Gahagens claim that the trial court erred in concluding that the Zeglins had satisfied the 21-year period for establishing a consentable line by recognition and acquiescence because it tacked the Zeglins' period of ownership to that of their predecessors in title. We conclude that the court's conclusion was in error, and for the following reasons we reverse.

¶ 2 This case arises from a boundary dispute between the Gahagens and the Zeglins. The undisputed facts are as follows. The Zeglins and Gahagens own adjoining properties in Paint Township, Somerset County. The properties abut one another on the Zeglins' southern boundary and the Gahagens' northern boundary [hereinafter referred to as the "boundary line"]. Frank A. Zeglin, Jr. purchased his and his wife's property from Cora Murphy in 1977. Murphy and her late husband had owned the property since 1937. The record does not reveal the date that Cora Murphy's husband deceased, and this factor does not impact our analysis of the arguments advanced by the parties in this appeal. The Gahagens purchased their property from Margaret Swincinski in 1989. Swincinski purchased the property from George and Kathryn Ickes in 1979. The Ickes had owned the property since 1972.

¶ 3 In 1995, the Gahagens employed a professional surveyor to survey their property. The survey indicated that the Gahagens' deed described a boundary line that was north of an existing row of bushes and a fence. This line also ran through a tree that was on both the Zeglins' and Gahagens' properties. Therefore, the surveyor concluded that the row of bushes, the fence, and the tree were all on the Gahagens' property, as it is described in the Gahagens' deed. The Zeglins had a survey of their own property performed, and the result of their survey matched the result of the Gahagens' survey. Therefore, the deeds for both properties are in agreement as to the location of the boundary line.

¶ 4 In reliance upon the location of the boundary line as described in the deeds, the Gahagens cut down the row of bushes and the tree. They then constructed a short retaining wall of railroad ties in the former location of the bushes. The Zeglins responded by instituting an action for ejectment and trespass claiming that they owned the property up to the row of bushes, even though the claimed property went beyond their property line as described in their deed. They proceeded on the theory that the conduct of the parties and that of their predecessors in title established the row of bushes as the boundary line between their property and the Gahagens' property.

¶ 5 Following a bench trial, the court entered a *decree nisi* awarding the Zeglins a verdict on both counts. The court reached its decision on the basis that for a period of 21 years both parties had recognized and acquiesced to a boundary line demarcated by the row of bushes. The Gahagens filed exceptions to the *decree nisi*, and the court dismissed the exceptions and entered a final decree. The Gahagens then filed this appeal raising three issues for our review:

1. Whether the trial court erred in permitting Zeglin to tack their possession of property to their predecessors in title to establish the twenty-one (21) year statutory period for consentable line or acquiescence and occupancy to a fence.

2. Whether the trial court erred in finding that Gahagen had actual notice that the boundary line was other than that which was described in the deed conveying the property to both Zeglin and Gahagen.

3. Whether Zeglin established that the predecessors in title to the Gahagen property had recognized a consentable line or acquiescence and occupancy to a fence for a period of twenty-one (21) years.

Brief for Appellant at 4.

■■■ ¶ 6 "Our scope [and standard] of review in matters of equity [are] narrow and limited to determining whether the findings of fact are supported by competent evidence, whether an error of law has been committed or whether there has been a manifest abuse of discretion." *Sentz v. Crabbs,* 428 Pa.Super. 205, 630 A.2d 894, 895 (1993). "[W]here the rules of law on which the chancellor relied are palpably wrong or clearly inapplicable, we will reverse the chancellor's decree." *Peoples Nat'l Bank of Cent. Pennsylvania v. Hor-*

*ner,* 719 A.2d 1101, 1103 (Pa.Super.1998) (quotation marks omitted).

■■■ ¶ 7 In this case, the trial court determined that there was a binding consentable line based on recognition and acquiescence. Trial Court Opinion, 3/21/00, at 5. In *Dimura v. Williams,* 446 Pa. 316, 286 A.2d 370 (1972), our Supreme Court discussed the doctrine of consentable line by recognition and acquiescence:

It cannot be disputed that an occupation up to a fence on each side by a party or two parties for more than twenty-one years, each party claiming the land on his side as his own, gives to each an incontestable right up to the fence, and equally whether the fence is precisely on the right line or not.

*Dimura,* 286 A.2d at 371 (quotation marks and citations omitted). Therefore, "[t]he requirement for establishing a binding consentable boundary by recognition and acquiescence is that each party claimed the land on his side of the line as his own for a period of twenty-one years." *Sorg v. Cunningham,* 455 Pa.Super. 171, 687 A.2d 846, 849 (1997).

■■■ ¶ 8 In the first issue presented for our review, the Gahagens claim that the trial court committed an error of law, permitting the Zeglins to tack their period of ownership to that of their predecessors in title when it determined that the Zeglins had occupied the property up to the row of bushes for a period of 21 years. The court found that the Zeglins purchased their property in 1977, and that the row of bushes was the accepted boundary line until 1995. Trial Court Opinion, 3/21/00, at 9. Therefore, the Zeglins occupied the property up to the row of bushes for a period of 18 years, three years less than the required 21–year period. However, the Zeglins' predecessor in title, Cora Murphy also occupied the property up to

the row of bushes, and she and her husband owned the property since 1937.

¶ 9 The trial court permitted the Zeglins to tack the Murphys' period of ownership, thus satisfying the required 21–year period. Trial Court Opinion, 3/21/00, at 4–5. In so ruling, the trial court stated that "recognition and acquiescence of one owner may be tacked to that of a succeeding one, **and privity of estate between the succeeding owners is not necessary** to permit of a technical tacking of their periods of holding to make out the statutory [21] year period." *Id.* at 5 (emphasis added) (quoting *Berzonski v. Holsopple,* 28 Som. Leg. J. 342, 358 (1973)). Therefore, the trial court permitted the Zeglins to tack the Murphys' period of ownership although there was no privity of estate between the Zeglins and the Murphys as to the disputed property, i.e., the deed from Cora Murphy to Frank A. Zeglin, Jr. did not describe the property that is the subject of the instant dispute.

¶ 10 The Gahagens cite to *Plott v. Cole,* 377 Pa.Super. 585, 547 A.2d 1216 (1988), in support of their argument that the trial court committed legal error in allowing the Zeglins to tack the Murphys' period of ownership absent a privity of estate as to the disputed property. In *Plott,* as here, this Court was faced with the question of whether a party claiming ownership of property by way of consentable line by recognition and acquiescence may tack his or her predecessor's possession of the property so as to satisfy the statutory 21 year period. *Plott,* 547 A.2d at 1221. We stated that the applicable law on tacking in these disputes is as follows:

> The possession of successive occupants may be tacked, but only where there is privity between them. For our purposes, "privity" refers to a succession of relationship to the same thing, whether created by deed or other acts or by

operation of law. But a deed does not of itself create privity between the grantor and the grantee as to land not described in the deed but occupied by the grantor in connection therewith, although the grantee enters into possession of the land not described and uses it in connection with that conveyed. The deed, in itself, creates no privity as to land outside its calls.... Each predecessor must have claimed title to the property in dispute, and in transferring to his successor, must have purported to include it.

*Id.* at 1222 (citations and quotation marks omitted). *See also Wittig v. Carlacci,* 370 Pa.Super. 584, 537 A.2d 29, 32 (1988) (stating that "a grantee cannot tack his grantor's possession of land [in dispute] when the grantor does not convey such land to him").

¶ 11 In this case, the court determined that the recognition and acquiescence of the Zeglins and their predecessors in title, the Murphys, for a period of over 21 years, established the row of bushes as the boundary line. The court permitted the Zeglins to tack the period of the Murphys' ownership without regard to whether there was privity between the Zeglins and the Murphys regarding the disputed property. Trial Court Opinion, 3/21/00, at 9. In so doing, the court committed reversible error. As we stated in *Plott,* "privity [is not] created by the bare taking of possession of land previously occupied by the grantor." *Plott,* 547 A.2d at 1222. In this case, there is no evidence that Murphy intended to convey the disputed property to the Zeglins. Although Murphy occupied the disputed land prior to the Zeglins taking possession of it, this transfer of possession is insufficient to establish the required privity absent evidence that Cora Murphy intended to con-

vey the disputed property to Frank A. Zeglin, Jr. *See id.*

¶ 12 Having concluded that the court erred in determining that the Zeglins gained ownership of the disputed property by means of the establishment of a consentable line by recognition and acquiescence, and presented with no other basis upon which to sustain the court's decree, we are constrained to reverse the decree entered in favor of the Zeglins in their action for ejectment and trespass. Consequently, it is unnecessary for us to address the second and third issues raised by the Gahagens.

¶ 13 Decree **REVERSED.**