J-A30040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| CHARLES D. CUMMINGS AND LISA A. CUMMINGS, HIS WIFE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellants | |
| v. | |
| SHERMAN A. SUTTON | |
| Appellee | No. 2 MDA 2016 |

Appeal from the Judgment Entered January 19, 2016
In the Court of Common Pleas of Luzerne County
Civil Division at No: 12288-2012

BEFORE:  BOWES, OLSON, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:          **FILED FEBRUARY 09, 2017**

Appellants, Charles D. Cummings and Lisa A. Cummings, appeal from the judgment entered January 19, 2016.  We affirm.

On August 6, 2012, Appellants commenced this action for declaratory relief terminating an easement that runs between their property and that of Appellee.  In the alternative, Appellants requested a permanent injunction prohibiting Appellee from using the easement.  The trial court conducted a bench trial on November 6, 2015.  On November 17, 2015, the trial court entered an order denying relief.  The trial court denied Appellants' motion for post-trial relief on December 1, 2015.  The trial court's order was reduced to judgment on January 19, 2016.  Appellants filed this timely appeal.

The trial court issued the following findings of fact:

The parties' respective homes are situated in the Woodridge II Development. Significantly, the plot plan for the Woodridge II Development reflects the properties owned by each party, as well as the Easement (the "Plot Plan"). The parties each own their respective properties and neither party owns the Easement. Appellee and his family have called the land which comprises Woodridge II home since long before the Development came into existence. Prior to being developed as Woodridge II, the entire parcel was a farm owned by Appellee's grandparents. Appellee's family then sold the property to Hillside Farms, which sold the entire property to Woodridge for development according to the recorded plot plan.

While the Plot Plan clearly indicates the existence of the Easement, the deed to Appellants' property also includes the following reference to the Easement: 'Together with and subject to 40 feet wide [sic] unnamed alley along the southwesterly side of the property described above connecting Sutton Road to another 40 foot wide alley road along the rear and together with and subject to a 40 foot wide alley road along the rear line of the land described above. This description of the Easement is also in Appellee's deed, as well as in various other deeds for properties in Woodridge II that enjoy the right of access to it.

The Easement runs to the left of and behind Appellants' property. Appellants utilize a portion of the Easement to the left of their property as a driveway. The Easement is also adjacent to the rear portion of Appellee's property. Appellee used the Easement to access his property for many years; however, such use was impeded about two years ago when Appellants blocked his access to it by placing large stones across it.

During the bench trial, Appellants made various claims about Appellee's alleged misuse of the Easement, including littering, driving recklessly, being a nuisance, causing damage, and blocking the Easement. Contrary to Appellants' descriptions, the debris that Appellants alleged Appellee littered on their property and/or the Easement was either located on Appellee's property, or was not otherwise deliberately scattered. Also, Appellee only once put a rut in the Easement because his truck started sinking into the ground somewhere above Appellants' driveway and through no fault of his own. It is clear from the totality of the testimony presented at the bench trial that Appellee uses the Easement a reasonable amount of time, as

needed, and in a reasonable manner. Finally, despite the fact that Appellee was not misusing the Easement, he voluntarily agreed, at the close of the bench trial, to continue to refrain from any action that may interfere with Appellants' quiet enjoyment of the Easement.

Trial Court Opinion, 4/25/16, at 6-8 (record citations omitted).

Appellants argue the trial court erred in failing to enter a judgment terminating the easement. Appellants' Brief at 5. In particular, Appellants argue that Appellee's use of the easement is no longer necessary to Appellants due to improvement of public roads along Appellee's property. Appellants also argue that Appellee's easement was merely a temporary license. Appellants' Brief at 10. We review the trial court's decision in a declaratory judgment action for abuse of discretion or error of law. **Erie Ins. Grp. V. Catania**, 95 A.3d 320, 322 (Pa. Super. 2014), *appeal denied*, 104 A.3d 4 (Pa. 2014).

The record does not support Appellants' argument. As the trial court explains in its opinion, both parties enjoy the right to use the easement in question in accordance with a plot plan and their respective deeds. Trial Court Opinion, 4/25/16, at 6-7. Appellee's easement did not arise by necessity. Appellants have produced no valid basis for extinguishing Appellee's easement. **See, e.g., Riek v. Binnie**, 507 A.2d 865 (Pa. Super. 1986); **Vinso v. Mingo**, 57 A.2d 583 (Pa. Super. 1948). Furthermore, the trial court found no support for Appellants' assertions of Appellee's misuse of the easement. Having reviewed the record, the applicable law, and the

- 3 -

parties' briefs, we affirm the judgment in favor of Appellee based on the trial court's April 25, 2016 opinion. We direct that a copy of that opinion be filed along with this memorandum.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/2017

Charles D. Cummings and    :   In the Court of Common Pleas
Lisa A. Cummings, his wife,    :     of Luzerne County

      Appellants    :

                       :       CIVIL ACTION - LAW

     vs.                    :
Sherman A. Sutton,       :

      Appellee      :        No. 12288 of 2012



2016 APR 25 PM 3:37
FILED PROTHONOTARY LUZERNE COUNTY

## OPINION

## Procedural History

On August 6, 2012, Appellants filed a Complaint in Law and Equity in the Luzerne County Court of Common Pleas related to the use by their neighbor, Appellee, of an easement that runs along both parties' respective properties (the "Easement"). In the Complaint, Appellants sought relief in the form of a declaratory judgment to terminate the Easement due to misuse and/or lack of necessity, legal damages due to misuse of the Easement, and a permanent injunction. A bench trial commenced in the matter on November 6, 2015 (the "Bench Trial"). On November 17, 2015, this Court entered an Order holding that the Easement is a private road easement over the property for access by landowners. The November 17, 2015 Order also

1

outlined conditions, agreed to by Appellee, providing for the quiet enjoyment of the Easement by all entitled thereto.

On November 30, 2015, Appellants filed a Motion for Post Trial Relief that raised the same arguments made during the Bench Trial. By Order dated December 1, 2015, this Court denied Appellants' Motion for Post Trial Relief. On December 30, 2015, Appellants prematurely filed a Notice of Appeal to the Pennsylvania Superior Court.[1] Subsequently, on January 19, 2016, Appellants filed a Praecipe to Enter Final Judgment on Docket. The Luzerne County Prothonotary entered Final Judgment on January 19, 2016.

On January 19, 2016, Appellants filed their Concise Statement of Errors Complained of on Appeal, identifying the following issues for appeal:

1. The trial court erred by failing to direct the entry of judgment in favor of Appellants.

2. In the alternative, the trial court erred by failing to modify the November 17, 2015 decision to hold in favor of Appellants.

---

[1] An order denying a post trial motion is not immediately appealable; rather, an appeal lies from the subsequent entry of a judgment when trial has occurred. Seamates Int'l, Inc. v. Speedy Int'l, Ltd., 2016 WL 379312, *1, fn. 1 (Pa. Super. 2016); Harvey v. Rouse Chamberlin, Ltd., 901 A.2d 523, 525 (Pa. Super. 2006).

2

3. The trial court abused its discretion by refusing to grant a declaratory judgment to terminate the paper alley due to misuse or lack of necessity, and, for a permanent injunction requiring Appellee to stop using the Easement.

4. The trial court erred by failing to find that Appellee's testimony lacked credibility.

5. The trial court erred by failing to hold that Appellee did not prove by substantial, competent evidence that he was legally entitled to the use and/or possession of the land in dispute.

6. The trial court erred by failing to hold that substantial, competent evidence proved that Appellants were entitled to the entry of a declaratory judgment to terminate the paper alley due to misuse or due to lack of necessity, and, for a permanent injunction.

7. The trial court erred by failing to find Appellants' testimony credible and dispositive to the issues in this matter relating to their request for the entry of a declaratory judgment to terminate the paper alley due to misuse or lack of necessity and for a permanent injunction.

3

8. The trial court erred by holding that substantial, competent testimony was presented at trial that would permit the court to find sufficient facts existed to deny Appellants' requests for the entry of a declaratory judgment to terminate the paper alley due to misuse or lack of necessity and for a permanent injunction.

9. The trial court erred as a matter of law by denying Appellants' request for a declaratory judgment to terminate the paper alley due to misuse or lack of necessity and for a permanent injunction requiring Appellee to cease and desist using the Easement.

10. The trial court's decision was against the weight of the evidence as to Appellants' requests for declaratory judgment to terminate the paper alley due to misuse or lack of necessity and for a permanent injunction requiring Appellee to cease and desist using the Easement.

Prior to elaborating on the reasoning which supports this Court's decision to deny relief to Appellants, it is helpful to clarify the issues presented for review: whether the trial court erred by granting judgment in favor of Appellee; whether the trial court erred in its

4

witness credibility determinations; whether the evidence was sufficient to establish that Appellee should be precluded from use of the Easement; and, whether the trial court's holding was against the weight of the evidence.

In a bench trial, the trial court acts as the factfinder and may believe all, part or none of the evidence. <u>Ruthrauff, Inc. v. Ravin, Inc.</u>, 914 A.2d 880, 887 (Pa. Super. 2006). Because issues of credibility are for the trial court to determine, the appellate courts are "...not permitted to reexamine the weight and credibility determinations or substitute [their] judgment for that of the factfinder." <u>Id.</u> "As the factfinder who personally heard the witnesses testify, the trial judge is 'in the sole position to observe the demeanor of the witnesses and assess their credibility.'" <u>Czarkowski v. Jennings</u>, 34 Pa. D.&C. 5th 303 (Pa. Comm. Pl. 2013)(quoting <u>Hirsch v. EPL Technologies, Inc.</u>, 910 A.2d 84, 88 (Pa. Super. 2006), *app. denied*, 591 Pa. 727, 920 A.2d 833 (Pa. 2007)). The factual findings set forth below are those which this Court has deemed credible and relevant.

**Findings of Fact**

The parties' respective homes are situated in the Woodridge II Development. (N.T., p. 6-7.) Significantly, the plot plan for the Woodridge II Development reflects the properties owned by each party, as well as the Easement (the "Plot Plan"). (N.T., p. 6-7.) The parties each own their respective properties and neither party owns the Easement. (N.T., p. 4, 9.) Appellee and his family have called the land which comprises Woodridge II home since long before the Development came into existence. (N.T., p. 87-89.) Prior to being developed as Woodridge II, the entire parcel was a farm owned by Appellee's grandparents. (N.T., p. 87.) Appellee's family then sold the property to Hillside Farms, which sold the entire property to Woodridge for development according to the recorded plot plan. (N.T., 88-89.)

While the Plot Plan clearly indicates the existence of the Easement, the deed to Appellants' property also includes the following reference to the Easement: "Together with and subject to 40 feet wide [sic] unnamed alley along the southwesterly side of the property described above connecting Sutton Road to another 40 foot wide alley road along the rear and together with and subject to a 40

6

foot wide alley road along the rear line of the land described above."
(N.T., p. 12.) This description of the Easement is also in Appellee's deed,
as well as in various other deeds for properties in Woodridge II that
enjoy the right of access to it. (N.T., p. 31, 36.)

The Easement runs to the left of and behind Appellants'
property. (N.T., p. 13.) Appellants utilize a portion of the Easement to
the left of their property as a driveway. (N.T., p. 17.) The Easement is
also adjacent to the rear portion of Appellee's property. (N.T., p. 30.)
Appellee used the Easement to access his property for many years;
however, such use was impeded about two years ago when
Appellants blocked his access to it by placing large stones across it.
(N.T., p. 37-38, 91-92.)

During the Bench Trial, Appellants made various claims about
Appellee's alleged misuse of the Easement, including littering, driving
recklessly, being a nuisance, causing damage, and blocking the
Easement. (N.T., p. 21-29, 48-71, 79-84.) Contrary to Appellants'
descriptions, the debris that Appellants alleged Appellee littered on
their property and/or the Easement was either located on Appellee's
property, or was not otherwise deliberately scattered. (N.T., p. 93.)

7

Also, Appellee only once put a rut in the Easement because his truck started sinking into the ground somewhere above Appellant's driveway and through no fault of his own. (N.T., p. 94-96.) It is clear from the totality of the testimony presented at the Bench Trial that Appellee uses the Easement a reasonable amount of time, as needed, and in a reasonable manner. Finally, despite the fact that Appellee was not misusing the Easement, he voluntarily agreed, at the close of the Bench Trial, to continue to refrain from any action that may interfere with Appellants' quiet enjoyment of the Easement. (N.T., p. 106.)

## Discussion

Relevant Pennsylvania precedent directs the entry of judgment in favor of Appellee because an easement was created by implication[2] through its description in the Plot Plan and the corresponding landowners' deeds. In <u>Vinso v. Mingo</u>, the Pennsylvania Superior Court explained, "[w]here a street called for a boundary in a deed is not a highway nor dedicated to public use, the

---

[2] This Court's Order dated November 17, 2015 mistakenly identifies the Easement as "express," rather than implied; however, such mistake is not dispositive in this matter.

8

grantee does not take title in fee to the center of it, but by implication acquires an easement, or right of way over the lands. There is in such a case, an implied covenant that there is a way corresponding with the one described in the deed, that so far as the grantor is concerned it shall be continued, and that the grantee, his heirs and assigns, shall have the benefit of it." Vinso v. Mingo, 162 Pa. Super. 285, 288, 57 A.2d 583, 584 (Pa. Super. 1948.); See also Auman v. Grimes, 364 Pa. Super. 243, 246, 527 A.2d 1045, 1046-1047 (Pa. Super. 1987); McAndrew v. Spencer, 447 Pa. 268, 270-271, 290 A.2d 258, 259 (Pa. 1972).

Accordingly, Appellee enjoys a private, permanent right to use the Easement that cannot be terminated by Appellants. In Riek v. Binnie, the Pennsylvania Superior Court addressed an issue similar to the instant matter, holding that the private right to use an easement created by implication could not be extinguished by another party who enjoys the same right. Riek v. Binnie, 352 Pa. Super. 246, 507 A.2d 865 (Pa. Super. 1986). In Riek, Plaintiffs instituted an action for a declaratory judgment regarding the rights of Defendants to use a private alley for ingress and egress, specifically, seeking to preclude such use by Defendants. Id. at 248, 866. The alley in question was

9

located in the middle of two properties owned by Plaintiffs and Defendants' property was located at the end of the alley. Id. The lower court held that Defendants had only a permissive right to use the alley if they did not interfere with Plaintiffs' use and that such permissive right may be terminated by Plaintiffs. Id. The Riek Court reversed the lower court, finding that Defendants had a private right of use of the alley, for ingress and egress, which could not be extinguished by any action by Plaintiffs. Id.

To support its holding, the Riek Court highlighted that both Plaintiffs' and Defendants' properties, as well as the alley, were acquired as part of a 75 acre parcel of land for which a recorded plot plan outlined all of the streets, alleys, and individual lots. Id. at 249, 866. Both parties acquired their respective properties through conveyances which continued to use the alley as a boundary in the deed descriptions. Id. The Riek Court noted that, although the passage of time and lack of use had extinguished any public rights to use the alley, "...the purely private rights of easement of individual property owners in the plan of lots to use the alley or way [were] not extinguished." Id. at 249, 867.

10

Similar to <u>Riek</u>, the instant matter involves an original parcel of land from which a recorded plot plan was developed that designated the lots owned by each party, as well as those owned by others, and the Easement. (N.T., p. 6-7, 88-89.) This fact was never in dispute during the Bench Trial. Indeed, the parties jointly entered the Plot Plan as an exhibit and stipulated that neither party owns the Easement. (N.T., p. 4, 6-7, 9.) Further, the Easement is described as a boundary line in Appellants' deed, as well as in other owners'deeds, including that of Appellee. (N.T., p. 12, 31, 36.) Pursuant to the precedent established by <u>Riek</u> and Appellants' own evidence, Appellees enjoy a private right to the Easement which may not be extinguished by Appellants.

Second, even assuming, *arguendo*, that the misuse or misfeasance which Appellants allege could terminate the Easement, this Court finds credible Appellee's testimony that reflects his reasonable use of the Easement. "In Pennsylvania, 'the law is settled that those who have the same rights over an easement must exercise those rights fairly and reasonably so as not to interfere with the fair and reasonable exercise of the same rights by others who possess them.'"

11

Czarkowski v. Jennings, 34 Pa. D.&C. 5th 303 (Pa. Comm. Pl. 2013)(quoting Puleo v. Bearoff, 376 Pa. 489, 492, 103 A.2d 759, 761 (Pa. 1954)). Although this Court does not hold that Appellee interfered with the fair and reasonable exercise of Appellants' rights to the Easement, due to the concerns of Appellants and the agreement of Appellee, the November 17, 2015 Order precludes Appellee from taking any of the disruptive actions on the Easement which Appellants alleged during the Bench Trial. However, if any party in this matter interfered with another's use of the Easement, it was Appellants when they blocked Appellee's access to the Easement. (N.T., p. 37-38, 91-92.) Thus, the November 17, 2015 Order also directs that neither party may block the right of way so as to interfere with the access or use of the Easement as set forth in the recorded plans.

(END OF OPINION)