McAndrews *v.* Spencer et ux., Appellants.

Argued January 18, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Anthony J. Popeck,* with him *Casey, Carey & Mazzoni,* for appellants.

*Thomas J. Jones,* for appellees.

OPINION BY MR. JUSTICE O'BRIEN, April 20, 1972:

Appellants and appellees are adjoining neighbors in the Township of Newton, Lackawanna County, who derive their sources of title to their respective parcels of real estate from a common grantor, Oscar D. Coon. Appellants, Kenneth and Inez Spencer, acquired their deed dated in 1965, but recorded July 27, 1967. The land by a deed dated September 11, 1963, and another older appellees, Robert McAndrews, Sr., and his wife, obtained their parcels by deed dated April 12, 1965. Robert McAndrews, Jr., and his wife acquired their seven parcels by deeds dated April 27, 1965, April 6, 1966, and April 22, 1967. The deed of Robert McAndrews, Sr., the April 6, 1966, deed of Robert McAndrews, Jr., and the deeds of appellants all refer to a certain forty-foot road designated and located on a plot of lots by Oscar D. Coon as a boundary between the Spencers' parcels and part of the McAndrews' parcels. A map showing the proposed forty-foot road was recorded in the office of the Recorder of Deeds of Lackawanna County on March 11, 1970.

However, the road was never opened to the public, nor was it ever dedicated to the Township. According to appellants, a portion of the area was used by them as a driveway and the remainder of the area designated as a proposed road was "voluntarily beautified" by them.

In 1970, when the McAndrews began to develop their lands commercially, they began to use the unopened road, destroying the shrubs and landscaping. On July 23, 1970, appellants retaliated by returning to Mr. Coon and purchasing the acreage originally designated as the proposed forty-foot road. They obstructed the road by placing a wire cable across its width and length and posting a sign marked "private property" thereon.

This, not unexpectedly, provoked a lawsuit. Appellees filed a complaint in equity, seeking a decree granting them the right to an easement over the area. The chancellor found for appellees and after the dismissal of the exceptions of the appellants and the entry of a final decree, appellants appealed.

Both parties rely on the Superior Court case of *Taylor v. Gross*, 195 Pa. Superior Ct. 225, 171 A. 2d 613 (1961), to support their respective positions. Appellants emphasize the following portion of the opinion in *Taylor*, at page 232: "Where an easement or other right is not expressed and is sought to be implied as attached to the grant of the fee, the same must clearly appear from the intention of the parties as shown by the terms of the grant, the surroundings of the property and the other res gestae of the transaction: Fitzell v. Phila., 211 Pa. 1, 5, 60 A. 2d 323."

This passage is an accurate statement of the general law of implied easements. In the instant case, we are dealing with a more specific application of the rule, i.e., the implication of an easement when a roadway, not dedicated as a public use, is specified as a boundary of a parcel of real estate. In such cases, another portion of *Taylor* sums up the law on the question: "where descriptions in a deed refer to a driveway as a boundary, which is not a highway or dedicated to public use, the grantee does not take title in fee to the center of

it but by implication acquires an easement or right of way over the lands: Andreas v. Steigerwalt, 29 Pa. Superior Ct. 1, 4; Vinso v. Mingo, 162 Pa. Superior Ct. 285, 288, 57 A. 2d 583; Hoover v. Frickanisce, 169 Pa. Superior Ct. 443, 446, 82 A. 2d 570."

The easement is created by implication by application of the rule. See also *Jones v. Sedwick,* 383 Pa. 120, 117 A. 2d 709 (1955). The allegedly contrary intent of the grantor, as allegedly shown by his subsequent grant of a fee to the roadway to the appellants makes no difference. Appellees are entitled to their easement.

Decree affirmed. Costs to be borne by appellants.