334 A.2d 276
Joseph P. NORD et al., Appellants,
v.
DEVAULT CONTRACTING COMPANY, INC., et al.

Appeal of George F. DILDINE et ux.

Supreme Court of Pennsylvania.

Argued Dec. 5, 1974.

Decided March 18, 1975.

648

Lawrence Sager, Sager & Sager Assoc., Pottstown, for appellants.

William J. Gallagher, Ross A. Unruh, West Chester, for appellees, Alexander C. Kovach, and others; Mac-Elree, Platt, Harvey & Gallagher, Ltd., West Chester, of counsel.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

 This is an action in equity to enjoin construction of a private road. The trial court concluded that no right of appellants [1] would be invaded by construction of the road and denied relief. This appeal ensued.[2] The

1. While the action was originally brought on behalf of several property owners in the neighborhood, all have agreed to be bound by the result of the instant appeal brought by the owners of one lot.

2. Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(4), 17 P.S. § 211.202(4) (Supp.1974).

only issue properly presented is whether the chancellor erred in concluding that appellants possessed no easement in the land over which the road will be built.[3] We conclude that there was no error and therefore affirm.

Most of the facts were stipulated and, as supplemented by the unchallenged findings of the chancellor, they are as follows.[4]

The properties of the plaintiffs and the defendant landowners were originally owned as one parcel of land by William D. Althouse. In April, 1917, he laid out a plan of lots (hereinafter called the Phoenix Heights Plan) encompassing the properties now owned by the parties to this action.

The Phoenix Heights Plan divided the tract into small lots along a proposed street (never accepted as a public street or improved as a thoroughfare) known as Mulberry Street. In 1945, a zoning ordinance was adopted requiring lot sizes larger than those provided for in the Phoenix Heights Plan. After the adoption of this ordinance and before May, 1954, defendants and their predecessors in title purchased property to the north of "Mulberry Street" by reference to the Phoenix Heights Plan. Compliance with the zoning ordinance was achieved by combining three lots (as laid out in the plan) into one.

In May, 1954, "Mulberry Street" and the land on the south side thereof were conveyed to Pennsylvania Builders, Inc. Pennsylvania Builders resubdivided the land south of "Mulberry Street" in conformity with the zoning ordinances. The new plan, known as the Pennypack-

3. Appellants also contend in their brief that the building of the road is somehow precluded by the relevant zoning ordinances. This contention, however, was not covered by any exception to the initial adjudication, and is therefore waived. Pa.R.Civ.P. 1518, 12 P.S. Appendix. (Appellants did file a general exception to the entire order and decree, but this fails to comply with Rule 1518's requirement that exceptions state objections "precisely," and thus is entirely ineffective.

4. The findings of fact are set out at length in an appendix to this opinion.

er Gardens Plan, made no reference to "Mulberry Street"
but rather altered the location of another proposed street
(Madison Avenue) to provide access to the lots formerly
fronting on the south side of "Mulberry Street."

The residences of plaintiffs all front on Madison Ave-
nue and were purchased, with one exception [5] by refer-
ence to the Pennypacker Gardens Plan. While the lots in
fact abut the land described as "Mulberry Street" in the
Phoenix Heights Plan, neither that plan nor "Mulberry
Street" is mentioned in the conveyance, which describes
that boundary only by courses and distances.

Prior to erecting the houses now owned by plaintiffs,
Pennsylvania Builders excavated and removed soil from
the entire length of "Mulberry Street," so that it could
no longer be used as a right-of-way. Because most of
plaintiffs' properties are substantially lower than de-
fendants' properties, it would now be physically impossi-
ble to lay out, improve, and open "Mulberry Street" so as
to supply ingress and egress to the properties of all
plaintiffs and all defendants.

Defendants seek to open and lay out the property com-
prising "Mulberry Street" in such a manner that it
would be level with their properties so as to provide
them with ingress and egress. Plaintiffs apparently con-
tend that this would violate their own claimed easement
because the proposed improvements would preclude any
use and benefit of the alleged easement to them.

Appellants place primary reliance on our decision in
*McAndrews v. Spencer*, 447 Pa. 268, 290 A.2d 258
(1972), to establish their right to an easement in "Mul-
berry Street." In *McAndrews* we held that

" 'where descriptions in a deed refer to a driveway as
a boundary, which is not a highway or dedicated to
public use, the grantee does not take title in fee to the

---

**5.** Plaintiffs Nord purchased by reference to the Phoenix Heights
Plan. However, insofar as their claims differ from those of ap-
pellants, those claims are not before us. See note 1 supra.

center of it but by implication acquires an easement or right of way over the lands . . . .' "

Id. at 270–71, 290 A.2d at 259.

*McAndrews,* however, is entirely inapposite in a case, such as this, where the description in the deed makes no reference to the "driveway." While appellants' lot does, in fact, abut "Mulberry Street," the land was described only by courses and distances. Moreover, appellants purchased by reference to the Pennypacker Gardens Plan, which made no reference to "Mulberry Street."

■■■ As we recognized in *McAndrews,* the above quoted rule is only a specific application of the general rule that an easement by implication arises only where that was the intent of the parties, as shown by the terms of the grant and the surrounding circumstances. Id. at 270, 290 A.2d at 259. Where the property is described by reference to an abutting driveway, the natural inference and the normal expectation of the purchaser is that the owner of the property is entitled to use the driveway for ingress and egress. The law merely gives effect to the intent implicit in the conveyance.

■■■ In this case, however, there is no showing that appellants even knew of the earlier plan referring to "Mulberry Street." Moreover, appellants' vendor had graded that land so that it was not usable as a right-of-way, thus negating any intent on its part to convey such an interest and any expectation on the part of appellants of receiving it. Thus the rule of *McAndrews* is of no assistance to appellants.

Neither does this case involve the necessity of allowing the owner of "landlocked" property access to it from some road, as in the case of *Soltis v. Miller,* 444 Pa. 357, 282 A.2d 369 (1971). Indeed, none of the traditional bases for implication of an easement, see 3 R. Powell, Law of Real Property ¶¶ 409–411 (1973); 3 H. Tiffany,

Law of Real Property §§ 779–788 (1939), appears in the present case.

We conclude that on the unchallenged facts found by the chancellor and confirmed by the court en banc, no easement by implication was granted to appellants or their predecessors in title (if any).[6]

Decree affirmed. Each party pay own costs.

## APPENDIX

### CHANCELLOR'S FINDINGS OF FACT

1. The properties of the Plaintiffs and the Defendant land owners were originally owned as one parcel of ground by Mahlon Miller and Daniel Latshaw. Miller and Latshaw sold the property to William D. Althouse.

2. In April, 1917, William D. Althouse laid out a plan known as the plan of Phoenix Heights Building Lots, Phoenixville, Pennsylvania (hereinafter called "Phoenix Heights Plan"). That plan encompassed the properties now owned by Plaintiffs and Defendants.

3. The Phoenix Heights Plan basically divided the properties now owned by Plaintiffs and Defendants into small lots of approximately twenty-five feet by ninety feet in size. The plan established the proposed street known as Mulberry Street.

4. Mulberry Street was to be laid out at a width of fifty feet, transversing the Althouse property in an east-west direction. To the west of Mulberry Street would be Columbia Avenue, and to the east of Mulberry Street would be Chester Avenue. Mulberry Street was never accepted as a public street, ordained or improved as a thoroughfare. Chester and Columbia Avenues are public streets in the Borough of Phoenixville.

---

**6.** It is not clear from the record whether appellants purchased from Pennsylvania Builders or received their property by mesne conveyances from one who did so purchase. This makes no difference in the context of this case, however.

5. The Phoenix Heights Plan was never recorded in any office for the recording of such documents.

6. In 1945, the Borough Council of Phoenixville adopted a zoning ordinance. The lot sizes of the Phoenix Heights Plan did not conform to the provisions of the zoning ordinance.

7. Subsequent to the enactment of the aforesaid zoning ordinance in 1945 and prior to May, 1954, the Defendants and their predecessors in title purchased property to the north of the purported Mulberry Street. The Defendants' lot sizes conformed with the Phoenixville Zoning Ordinance by combining lots under the Phoenix Heights Plan. For example, Defendants Natale purchased lots, 59, 60, 61 and 21, 22 and 23.

8. On May 12, 1954, Pennsylvania Builders, Inc. became the owner of the land on the south side of the purported Mulberry Street between Pine Street on the south, Chester Avenue on the east, and Columbia Avenue on the west of the Phoenix Heights Plan. This conveyance included that portion of the land described as Mulberry Street in the Phoenix Heights Plan.

9. After 1954, Pennsylvania Builders, Inc. changed the lot sizes of their parcel to conform to the zoning ordinance of 1945 and drew a new subdivision plan. This new plan was submitted to and approved by the Borough Council of Phoenixville in about 1956. Said plan is known as the Pennypacker Gardens Plan and is recorded in the Office for the Recording of Deeds in and for the County of Chester, West Chester, Pennsylvania
. . . .

10. The Pennypacker Gardens Plan resubdivided the land south of Mulberry Street and did not refer to Mulberry Street as a proposed street to be laid out and opened.

11. Under the plan of Pennsylvania Builders, Inc., the land aforedescribed in paragraph 9 herein was rede-

signed to create seven lots, eliminate the aforesaid alley, and shorten the depth by approximately fifty percent between Mulberry Street and the next platted street to the south, now known as Madison Avenue.

12. Said residences of Plaintiffs front on Madison Avenue. The Plaintiffs, except the Nords, purchased without reference to the Phoenix Heights Plan but with reference to the Pennypacker Gardens Plan.

13. In about March, 1955, and continuing thereafter, Pennsylvania Builders, Inc. excavated ground and removed soil from the entire length of the area previously set forth as Mulberry Street on the Phoenix Heights Plan.

14. The excavation was done by Devault Contracting Company, Inc. of Kimberton, Pennsylvania under a contract with the Defendant, Pennsylvania Builders, Inc.

15. As a result of said excavation, the land previously designated as Mulberry Street on the plan of William D. Althouse could not be used as a right-of-way, although some of the Defendants had made use of it for that purpose prior thereto.

16. After excavation, Pennsylvania Builders, Inc. caused seven houses to be erected to the south of the purported Mulberry Street. Those residences are now owned by all Plaintiffs, except the Nords.

17. The Plaintiffs' properties, except the Nords and Dildines, are approximately twenty feet lower than the Defendants' properties, and, again except for the Nords, are situate south of the purported Mulberry Street.

18. It would be physically impossible to lay out, improve and open Mulberry Street so that said street would supply both an ingress and egress to the properties of all the Plaintiffs and all the Defendants.

19. Since the excavation by Devault Contracting Company, Inc., the property encompassing the purported

Mulberry Street has not been used as an ingress and egress by any of the Plaintiffs or Defendants.

20. Defendants seek to open and lay out the property encompassing the purported Mulberry Street in such a manner that it would be level with their properties so as to provide an ingress and egress to their properties. However, Mulberry Street would be so laid out as to preclude any use and benefit thereof to all the Plaintiffs.

21. The deeds of the Plaintiffs conveyed by Pennsylvania Builders, Inc., show conveyance to a line that was once in fact the south boundary line of the once proposed Mulberry Street, but that description is in terms of courses and distances only.

22. Pennsylvania Builders, Inc. is still the titleholder to that strip of land once designated as Mulberry Street.