432 A.2d 234

**Paul M. KINZEY, Appellant,**

**v.**

**Joseph MAROLT and Christina Marolt, his wife, and Lanny Fuller, t/d/b/a Jo-Lan Trailer Court and Earl Hardy, and John Hibery, and Allan Leidy, and John Ewt, and David Bender.**

Superior Court of Pennsylvania.

Submitted Nov. 16, 1979.

Filed July 10, 1981.

Ronald J. Bergman, Greensburg, for appellant.

Henry A. Hudson, Jr., Greensburg, for appellees.

Before PRICE, CAVANAUGH and WATKINS, JJ.

WATKINS, Judge:

This is an appeal from a decree in equity of the Court of Common Pleas of Westmoreland County after petition and hearing of a dispute over obstruction of an easement.

The appellant, Paul M. Kinzey, purchased blocks 82 and 121 from Venna L. Welshons in 1941 per a plan of New

Florence Borough and extending into St. Clair Township, Westmoreland County. The description referred to Spruce Street, Third Street, Walnut Street, Locust Street, and Fourth Street.

Appellees, who operate a trailer park, acquired the remaining portions of the Welshons tract, approximately 92.9 acres in 1954 after exception of all blocks previously sold.

In an equity action brought in 1969 in Westmoreland County wherein the parties to this action were also involved, but in reverse positions, the court below found an easement by implication in appellant but prohibited his use of the easement in any manner inconsistent with appellees' rights in same.

The appellees apparently encroached upon Third Street, by placing trailers and power lines thereon.

The court below entered the following order in this proceeding:

"AND NOW, to wit: this 16th day of November, 1978, it ORDERED and DECREED that the defendant, Lanny Fuller, remove any mobile homes or other structures or any other object from the southerly portion of Third Street, in particular the southerly twenty-five (25) feet of same, and to keep this area free from any obstructions in the future; it is further ORDERED that the plaintiff, Paul M. Kinzey keep the subject area free of any obstructions in the future."

The court below recognizes the easement by implication in appellant on Third Street and also finds the street as laid out to be fifty (50) feet wide, but apparently limits the prohibition against obstruction of same to the southerly twenty-five (25) feet of same. This is error. The appellant has an easement by implication over the entire width of the street. *McAndrew v. Spencer*, 447 Pa. 268, 290 A.2d 258 (1972) and could open and improve same at anytime, even though the portion of Third Street, here in question, has never been opened or dedicated to a public use.

■ The appellant, in his complaint, also claims money damages against the appellees, because of the loss of use of Third Street because of the encroachment. The court below held appellant failed to meet his burden of proof for this claim. We agree.

The testimony as to damages was tentative, times were not fixed nor was the amount. Any attempt to fix monetary damages in this case would at best be a guess and highly conjectural.

The following order is hereby entered:

AND NOW, it is ORDERED and DECREED that the appellees remove any mobile homes or other structures or any other object from Third Street including its intersections with Walnut Street and Spruce Street for its entire width of fifty (50) feet and both appellant and appellees to keep said area free from any obstructions in the future.