491 A.2d 148

**Joseph SCOPPA, Jr., and Malfalda R. Scoppa, his wife, Carl M. Thompson, Jr., and Sandra L. Thompson, his wife, Guy H. Reeder and Agnes M. Reeder, his wife,**

**v.**

**John F. MYERS, Jr. and Sandra Myers, his wife.**

**Appeal of: Joseph SCOPPA, Jr., and Malfalda R. Scoppa, his wife, Guy H. Reeder and Agnes M. Reeder, his wife.**

Superior Court of Pennsylvania.

Submitted Oct. 17, 1984.

Filed March 29, 1985.

Petition for Allowance of Appeal Denied Aug. 27, 1985.

62

Malcolm S. Mussina, Williamsport, for appellants.

Carl M. Thompson, Jr., Williamsport, appellee, in propria persona.

Norman M. Lubin Williamsport, for Myers, appellees.

Before WIEAND, DEL SOLE and POPOVICH, JJ.

WIEAND, Judge:

The plaintiffs in this equity action[1] are the owners of adjacent lots, all of which are bounded on the south and rear by a perpendicular twenty foot wide alley. The defendants, John F. Myers, Jr. and Sandra Myers, husband

1. The plaintiffs are identified in the complaint as Joseph Scoppa, Jr. and Malfalda R. Scoppa, his wife; Carl M. Thompson, Jr. and Sandra L. Thompson, his wife; and Guy H. Reeder and Agnes M. Reeder, his wife.

and wife, own a lot which adjoins the twenty foot wide alley on the south. By deed dated August 15, 1980, the defendants acquired title to the bed of the twenty foot alley. They sent written notice to plaintiffs demanding that they cease and discontinue any further use of the alley. They then built a retaining wall, filled in behind the retaining wall to raise the grade of the alley, and planted trees and shrubbery. This has made it impossible for the Scoppas to use the alley as a means of ingress and egress to and from the rear of their property, and has impeded the use thereof by the remaining owners. Plaintiffs responded with demands of their own. When they did not achieve the desired result, litigation followed.

The trial court found that plaintiffs enjoyed an easement or right of way over the twenty foot alley. The court found further, however, that they could achieve access to the rear of their properties if the alley were reduced in width to fifteen feet. The court decreed, therefore, that the Myers should restore a fifteen foot alley. Instead of requiring that the retaining wall be removed and the alley restored to its original grade, moreover, the court directed removal of a fourteen foot section of the wall. This was based on its belief that the removal of the fourteen foot section would permit adequate access for the uses then being made of the dominant tenements.[2] Exceptions were dismissed, a final decree was entered, and plaintiffs appealed. We reverse and remand.

The right of way enjoyed by the plaintiffs was not an easement by necessity. It was an easement created by implication when the prior, common grantor conveyed lots bounded by a twenty foot alley as shown on a subdivision plan. In a conveyance of land where a street or roadway is named as a boundary, the grantee acquires an easement to the use of the street or roadway so long as the grantor owned the fee to the servient tenement. *Jones v. Sedwick,*

---

2. The court suggested that at some time in the future, depending upon the needs of the occasion, it might use its equitable powers to require removal of the entire retaining wall.

383 Pa. 120, 123–124, 117 A.2d 709, 711 (1955); *Maier v. Walborn & High,* 84 Pa.Super. 522 (1925). See also: *McAndrews v. Spencer,* 447 Pa. 268, 270–271, 290 A.2d 258, 259 (1972); *Quicksall v. City of Philadelphia,* 177 Pa. 301, 35 A. 609 (1896); *Hoover v. Frickanisce,* 169 Pa.Super. 443, 82 A.2d 570 (1951). Because it arises by implication and not by necessity, the easement encompasses the entire right of way. *Jones v. Sedwick, supra; Kinzey v. Marolt,* 288 Pa.Super. 426, 432 A.2d 234 (1981).

In the instant case, the plaintiffs had an easement over a twenty foot right of way. It was error, therefore, to limit their use to only fifteen feet thereof. *Kinzey v. Marolt, supra.* Similarly, it was error to permit partial obstruction thereof to continue. Although the trial court obviously attempted to achieve a compromise solution satisfactory to all parties, that solution was not consistent with applicable legal principles. It was achieved at the expense of plaintiffs' legal right to an alley twenty feet in width.

Reversed and remanded for the entry of a decree consistent with the foregoing opinion. Jurisdiction is not retained.